UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK          CASE No.: 1:14-cv-04971-ARR-RML
----------------------------------------------------------------

DARRELL WEATHERSPOON

     Plaintiff,      AMENDED COMPLAINT

   -against-       PLAINTIFF(S) DEMAND
             TRIAL BY JURY

THE CITY OF NEW YORK,
P.O. RICHARD DANESE,
P.O. "JANE DOE" AND
"JOHN DOE" 1-10.

1'through'10 inclusive,
the names of the last defendants
being fictitious, the true names
of the defendants being unknown
to the plaintiff(s).

     Defendant(s)

----------------------------------------------------------------

   Plaintiff, DARRELL WEATHERSPOON, by his attorney, Paul Hale Esq., complaining of

the defendants, The City of New York, P.O. RICHARD DANESE, Police Officers "John" and

"Jane" Doe, collectively referred to as the Defendants, upon information and belief alleges as

follows:

## <u>NATURE OF THE ACTION</u>

1. This is an action at law to redress the deprivation of rights secured to the plaintiff under

  color of statute, ordinance, regulation, custom, and or to redress the deprivation of rights,

  privileges, and immunities secured to the plaintiff by the Fourth, Fifth, Eighth and

  Fourteenth Amendments to the Constitution of the United States, and by Title 42 U.S.C. §

1983, § 1988  [and § 1985], [and arising under the law and statutes of the State of New York].

2. This is an action to further seek compensation for the serious and permanent personal injuries sustained by the plaintiff, as a result of the negligence of the defendants, perpetrated while said defendant police officers were in the process of illegally and unlawfully arresting plaintiff.

## JURISDICTION

3. The jurisdiction of this Court is invoked under 28 U.S.C. §1343(3), this being an action authorized by law to redress the deprivation of rights secured under color of state and city law, statute, ordinance, regulation, custom and usage of a right, privilege and immunity secured to the plaintiff by the Fourth, Fifth, Eighth and Fourteenth Amendment to the Constitution of the United States.

4. All causes of action not relying exclusively on the aforementioned federal causes of action as a basis of this Court's jurisdiction are based on the Court's supplemental jurisdiction pursuant to 28 U.S.C. §1367 to hear state law causes of action. The events, parties, transactions, and injuries that form the basis of plaintiff's federal claims are identical to the events, parties, transactions, and injuries that form the basis of plaintiff's claims under applicable State and City laws.

5. As the deprivation of rights complained of herein occurred within the Eastern District of New York, venue is proper in this district pursuant to 28 U.S.C. §§1391 (b) and (c).

## PARTIES

6. Plaintiff DARRELL WEATHERSPOON is 43 years old, resides in New York and is a resident of the State of New York.

7. At all times relevant to this action, Defendant P.O. RICHARD DANESE was a police officer with the City of New York Police Department and acting under color of state law. He is being sued in both his individual and official capacity.

8. Defendants Police Officers are, and at all times relevant to this action were, officers of the City of New York Police Department and acting under color of state law. Said officers are being sued in both their individual and official capacities.

9. The Defendant, City of New York is a municipality in the State of New York and employs the Defendants Police Officers.

10. The defendant officers were at all material times acting within the scope of their employment, and as such, the defendant City is vicariously liable for the defendant officers' acts as described above.

**FACTUAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION**

11. On 10/25/2012 at approximately 12 pm plaintiff DARRELL WEATHERSPOON was walking on the corner of Myrtle Avenue and Marcy Avenue in Brooklyn, NY.

12. At the above time and place MR. WEATHERSPOON was stopped by a uniformed NYPD officer, P.O. RICHARD DANESE, for no apparent reason.

13. MR. WEATHERSPOON asked why he was being stopped and was told "Shut up, and give me your ID" by the P.O. RICHARD DANESE.

14. MR. WEATHERSPOON presented his identification and began to complain and ask why he was stopped. He was again told to shut up.

15. MR. WEATHERSPOON then attempted to call 311 to make a CCRB complaint against

the officer.

16. P.O. RICHARD DANESE then grabbed MR. WEATHERSPOON's arm and twisted it in such a way to cause extreme pain.   MR. WEATHERSPOON immediately complained about the pain.

17. MR. WEATHERSPOON was then handcuffed by P.O. RICHARD DANESE.

18. MR. WEATHERSPOON was placed in the back of a police car and taken to what he believed was Police Station #3 (a Housing Police station.)

19. From the PSA 3 station house MR. WEATHERSPOON was taken to Woodhull hospital and treated for his injuries.

20. MR. WEATHERSPOON was taken from Woodhull hospital back to PSA 3.  From PSA 3 MR. WEATHERSPOON was taken to Brooklyn Central Booking.

21. During this time P.O. RICHARD DANESE concocted a story and charged MR. WEATHERSPOON with disorderly conduct.

22. Shortly thereafter MR. WEATHERSPOON saw a Judge and was released on his own recognizance.

23. The charges against MR. WEATHERSPOON were dismissed on 1/18/2014 after approximately two court appearances.

24. Subsequent to MR. WEATHERSPOON's arrest he received treatment for his hurt wrist at Woodhull Hospital.

25. This led to MR. WEATHERSPOON undergoing corrective surgery at Belleview Hospital.

26. MR. WATHERSPOON is still suffering from the injury caused by the officer for which he experiences substantial pain and is still undergoing physical therapy.

27. At no time did plaintiff commit any offense against the laws of New York City and or State

for which an arrest may be lawfully made.

28. As a direct and proximate result of defendants' actions, plaintiff suffered and continues to suffer injuries, including but not limited to emotional distress, nightmares, panic attacks, mental anguish and unwarranted severe anger bouts some or all of which may be permanent.  Plaintiff has sought treatment for these injuries.

29. The unlawful arrest of plaintiff, plaintiff's wrongful imprisonment because of defendants' knowledge of a lack of any legitimate cause or justification, were intentional, malicious, reckless and in bad faith.

30. As a direct and proximate result of defendants' actions, plaintiff suffered and continues to suffer, mental anguish, repetitive injury, psychological and emotional distress, and physical pain and suffering, some or all of which may be permanent.

31. As a direct and proximate result of his unlawful detention, assault, confinement, Plaintiff has lived in terror of their attack, and continues to suffer from nightmares, are fearful of going outside and when he sees the police, and suffer various emotional attacks, in addition, and have been unable to function normally which has caused a severe strain and breakdown in his personal relationships, in and outside of his home.

32. As a direct and proximate result of defendant's actions, plaintiff was arrested, detained without just or probable cause.

33. As a direct and proximate result of defendants' actions, plaintiff was deprived of rights, privileges and immunities under the Fourth, Eighth and Fourteenth Amendments to the United States Constitution and the laws of the City of New York and the State of New York.

34. The actions of defendants, acting under color of State law, deprived plaintiff of his rights,

privileges and immunities under the laws and Constitution of the United States; in particular, the rights to be secure in his person and property, to be free from the excessive use of force and from malicious prosecution, abuse of process, and the right to due process.

35. By these actions, defendants have deprived plaintiff of rights secured by the Fourth, Eighth, and Fourteenth Amendments to the United States Constitution, in violation of 42 U.S.C. Section 1983.

### <u>AS A FIRST CAUSE OF ACTION:</u>
**42 U.S.C Section 1983-against all Defendants.**

36. Plaintiff hereby restates all paragraphs above of this complaint, as though fully set forth below.

37. By detaining and imprisoning plaintiff, without justification, probable cause or reasonable suspicion, using excessive force, and assaulting him, the Officers, Defendants deprived Plaintiff of rights, remedies, privileges, and immunities guaranteed to every citizen of the United States, in violation of 42 U.S.C. Section 1983, including, but not limited to, rights guaranteed by the Fourth, Eighth and Fourteenth Amendments of the United States Constitution.

38. In addition, the Defendants conspired among themselves to deprive plaintiff of his constitutional rights secured by 42 U.S.C. Section 1983, and by the Fourth, Eighth and Fourteenth Amendments to United States Constitution, and took numerous overt steps in furtherance of such conspiracy, as set forth above.

39. The Defendant acted under pretense and color of state law and in their individual and official capacities and within the scope of their respective employment as NYPD Officers. Said acts by the Defendants Officers were beyond the scope of their jurisdiction, without authority of law, and in abuse of their powers, and said Defendants acted willfully,

knowingly, and with the specific intent to deprive the Plaintiff of his constitutional rights secured by 42 U.S.C. Section 1983, and by the Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution.

40. As a direct and proximate cause of the acts of the defendants, plaintiff suffered the following injuries and damages:

    A.  An arrest not based upon probable cause;

    B.  Unwarranted and malicious criminal prosecution;

    C.  Deprivation of liberty without due process of law;

    D.  Excessive force imposed upon him;

    E.  Summary punishment imposed upon him;

    F.  Denied equal protection under the law; and

    G.  Denial of medical services.

41. As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiff sustained the damages herein before stated.

### AS A SECOND CAUSE OF ACTION:
**Failure To Intervene - Fourth Amendment - 42 U.S.C. S 1983**

42. Members of the NYPD have an affirmative duty to assess the constitutionality of interactions between their fellow members of service and civilians and to intervene where they observe another member of the NYPD or other law enforcement agency employing unjustified and excessive force against a civilian.

43. The officer defendants were present for the above-described incident and witnessed other defendants actions.

44. The officer defendants' use of force against plaintiffs was unjustified under the circumstances yet the officer defendants failed to take any action or make any effort to intervene, halt or protect

plaintiffs from being subjected to their actions by other officer defendants.

45. The officer defendants' violations of plaintiffs' constitutional rights by failing to intervene in other defendants' clearly unconstitutional actions resulted in the injuries and damages set forth above.

## AS A THIRD CAUSE OF ACTION:
### *Monell* claim[1]

46. Defendant City of New York, as a matter of policy and practice, has with deliberate indifference failed to properly sanction or discipline police officers including the defendants in this case, for violations of the constitutional rights of citizens, thereby causing police officers including defendants in this case, to engage in unlawful conduct.

47. Defendant City of New York, as a matter of policy and practice, has with deliberate indifference failed to sanction or discipline police officers including the defendants in this case, who are aware of and subsequently conceal violations of the constitutional rights of citizens by other police officers thereby causing and encouraging police officers including defendants in this case, to engage in unlawful conduct.

## AS A FOURTH CAUSE OF ACTION:
### 42 U.S.C Section 1983–Retaliation in Violation of First Amendment against all Defendants

48. Plaintiff hereby restates all paragraphs above of this Complaint as if fully set forth here.

49. Plaintiff was engaging in constitutionally protected activity, including but not limited to his discussions and exchanges with the Defendants Police Officers for their objectionable conduct.

50. Plaintiff's speech was an inquiry related to objectionable police conduct, which is a matter of important public concern.

51. Motivated in whole or in part by Plaintiff's protected verbal opposition to their conduct

---

[1] *Monell v. City of New York Department of Social Services*, 436 U.S. 658

and/or the substance or style of his communications with them, Defendants searched, seized, and forcibly arrested Plaintiffs.

52. Defendants Police Officers' adverse actions in retaliation for Plaintiffs' expressed intention of exercising his first amendment rights and inquiring about objectionable police conduct caused Plaintiffs to suffer economic, physical and emotional injuries.

53. Defendants' actions, as described herein, were undertaken intentionally, willfully and wantonly.

54. Defendants Police Officers' conduct violated clearly established rights belonging Plaintiffs, of which reasonable law enforcement knew or should have known.

55. The acts or omissions of each of the Police Officer Defendants, including the unconstitutional policy, procedure, custom and/or practice described herein, were the legal and proximate cause of Plaintiffs' damages.

**WHEREFORE,** plaintiff respectfully requests judgment against the Defendants as follows:

I.    On the First Cause of Action against all the defendants, compensatory and punitive damages in an amount to be determined at trial, and reasonable attorneys' fees and costs under 42 U.S.C. Section 1988;

II.   On the Second Cause of Action, against all Defendants, compensatory damages in an amount to be determined at trial, and punitive damages against the Officers Defendants in an amount to be determined at trial;

III.  On the Third Cause of Action,  against all Defendants, compensatory damages in an amount to be determined at trial, punitive damages against the Defendants in an amount to

be determined at trial;

IV.    On the Fourth Cause of Action,  against all Defendants, compensatory damages in an

amount to be determined at trial, punitive damages against the Defendants in an amount to

be determined at trial; and

V.    Such other and further relief as this Court may deem necessary in the interest of justice.

Dated:  5/20/14
Brooklyn, New York

Respectfully Submitted,

                        /s/
By:    Paul Hale, Esq
       26 Court St. Ste 913
       Brooklyn, NY 11242
       (718) 554-7344